IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUANTUM BUSINESS CONSULTING, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) NO. 3:21-cv-00037 ) ) JUDGE CAMPBELL |
| INTERCONNECT MEDIA NETWORK SYSTEMS, LLC, | ) MAGISTRATE JUDGE HOLMES ) ) |
| Defendant. | ) |

## **MEMORANDUM AND ORDER**

On April 1, 2022, Defendant filed a motion for summary judgment. (Doc. No. 33). Pursuant to the Initial Case Management Order (Doc. No. 19), any response to Defendant's motion was to be filed within 28 days after the filing of the motion. Because Defendant filed its motion on April 1, 2022, the deadline for Plaintiff to file a response in opposition has passed.

Federal Rule of Civil Procedure 41(b) "confers on district courts the authority to dismiss an action for failure of a plaintiff to prosecute the claim or to comply with the Rules or any order of the Court." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 736 (6th Cir. 2008) (citing *Knoll v. AT&T*, 176 F.3d 359, 362–63 (6th Cir. 1999)); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962) (recognizing "the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"). Dismissal for failure to prosecute is a tool for district courts to manage their dockets and avoid unnecessary burdens on opposing parties and the judiciary. *See Schafer*, 529 F.3d at 736 (quoting *Knoll*, 176 F.3d at 363).

The court considers four factors in determining whether dismissal under Rule 41(b) is appropriate: (1) the willfulness, bad faith, or fault of the plaintiff; (2) whether the opposing party has been prejudiced by the plaintiff's conduct; (3) whether the plaintiff was warned that failure to cooperate could lead to dismissal; and (4) the availability and appropriateness of other, less drastic sanctions. *Schafer*, 529 F.3d at 737.

The Court finds the relevant factors weigh in favor of dismissal. With regard to the first factor, it is not clear that Plaintiff's failure to prosecute or respond to the pending motion for summary judgment is due to bad faith. However, the Court does consider such failure to be willful and due to the fault of Plaintiff. This factor weighs in favor of dismissal. As to the second factor, Defendant has invested time and resources to defend the charges against it. Moreover, Defendant has a clear interest in expeditious resolution of this case. Prolonging the discovery process and motion for summary judgment has subjected Defendant to unnecessary delay. This factor also supports dismissal. The third factor clearly weighs in favor of dismissal. Plaintiff has been given multiple warnings that failure to follow court deadlines could lead to dismissal. (*See e.g.,* Doc. No. 26). Finally, given Plaintiff's failure to heed the Court's past warnings, the Court finds that lesser sanctions would not be appropriate. The Court's interest in sound judicial case and docket management outweighs the public policy interests in the disposition of cases on their merits.

Accordingly, this action is **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 41(b) due to Plaintiff's failure to prosecute. The Report and Recommendation (Doc. No. 26) and all pending motions are **MOOT**.

The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE